IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK BROWN,  :
:
    Plaintiff,  :
: CIVIL NO. 3:CV-09-1742
    v.  :
: (JUDGE VANASKIE)
B. A. BLEDSOE, WARDEN, et al.,  :
:
    Defendants.  :
:

## MEMORANDUM

Background

Derrick Lakeith Brown, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), proceeding pro se, filed this civil rights complaint pursuant to 28 U.S.C. § 1331. Accompanying the Complaint is an application requesting leave to proceed in forma pauperis. (Dkt. Entry # 2.) Service of the Complaint was ordered on October 5, 2009. (Dkt. Entry # 9.)

Defendants include Administrator Harrell Watts and Northeast Regional Director D. Scott Dodrill of the Federal Bureau of Prisons (BOP). Plaintiff is also proceeding against the following USP-Lewisburg employees: Warden B.A. Bledsoe; Unit Manager John Adami; Correctional Officer C. Brubaker; Executive Assistant Scott Finley; Inmate Systems Officer S. Bilger; SCSS David Olsheskie; Case Managers T. Ranck and Matt Rodarmel; and "Mail Room Clerk's." (Dkt. Entry # 1, ¶ III.)

Brown states that Defendants have retaliated against him for his prior pursuit of civil rights complaints and administrative grievances. Plaintiff asserts that his incoming properly identified legal mail has been "deliberately and intentionally opened" on a "consistent and continual basis" outside of his presence. (Id. at p. 2-(a).) His Complaint concludes that Defendants' actions violate his constitutional right of access to the courts.

As relief, Brown seeks compensatory and punitive damages as well as his immediate release from custody. Plaintiff's action will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).[1]

Discussion

Section 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The following civil actions which were filed by Brown, while incarcerated, were dismissed as frivolous by the United States District Court for the Western District of

---

[1] For the convenience of the reader of this Order in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content at any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Tennessee: Brown v. Memphis Police, No. 2:01-2868 (Nov. 13, 2001)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); Brown v. Shelby County, et al., No. 2:02-2365 (June 19, 2002)(dismissal on grounds that § 1983 complaint is frivolous); Brown v. Shelby County, et al., No. 2:02-2366 (June 19, 2002)(sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii)); and Brown v. Nurse Brown, et al., No. 2:02-2368 (June 27, 2002)(dismissal with observation that Brown has three dismissals of cases as frivolous and thus is subject to § 1915(g)). In addition, this Court issued a recent decision wherein it concurs with the determination announced by the Western District of Tennessee in the last-cited case, *i.e.*, that the above enumerated dismissals constitute three strikes for the Plaintiff as contemplated under § 1915(g). See Brown v. Lappin, et al., Civil No. 3:CV-09-1732, slip op. at 3 (M.D. Pa. Nov. 10, 2009)(Vanaskie, J.)(Dkt. Entry # 10.)

The unconstitutional conduct alleged in Brown's pending action does not place this inmate in danger of imminent "serious physical injury" at the time his complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). Rather, the gist of Plaintiff's action is that his incoming legal mail has been improperly opened and examined by prison officials, alleged conduct which clearly did not place Brown at risk of serious physical injury at the time he initiated his pending action.. It is

additionally noted that although service of the Complaint has already been ordered, dismissal of this action under § 1915(g) is still appropriate.  See Ferrell v. Beard, No. 3:CV-07-1789, 2008 WL 919555 *2-3 (M.D. Pa. April 2, 2008)(Kosik, J.)  (dismissal under § 1915(g) following service of complaint).

Since dismissal of Brown's action is being entered under § 1915(g), the Administrative Order previously issued in this matter on September 28, 2009 (Dkt. Entry # 8) and the portion of this Court's October 5, 2009 Order (Dkt. Entry # 9) which construed Plaintiff's motions to proceed in forma pauperis[2] as a motion to proceed without full prepayment of fees and costs and granted said motion, will be vacated. Finally, Plaintiff's in forma pauperis applications (Dkt. Entry # 2 &  # 6) will be denied.[3] An appropriate Order will enter.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

---

[2]  (Dkt. Entry # 2 &  # 6.)

[3] If Plaintiff wishes to reactivate this case, he may pay the full filing fee within thirty (30) days of the date of this Order.  In the alternative, Brown may reassert his present claims in a new action filed within the period authorized by the statute of limitations and accompanied by full payment of the required filing fee.

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DERRICK LAKEITH BROWN,

        Plaintiff,

        v.

B. A. BLEDSOE, et al.,

        Defendants.

: CIVIL NO. 3:CV-09-1742

: (JUDGE VANASKIE)

## ORDER

NOW THIS 17th DAY OF NOVEMBER, 2009, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE as barred by 28 U.S.C. § 1915(g).

2. The Administrative Order (Dkt. Entry # 8) previously issued in this matter is VACATED.

3. This Court's October 5, 2009 Order (Dkt. Entry # 9) with respect to Brown's in forma pauperis status is VACATED.

3. Plaintiff's requests to proceed in forma pauperis (Dkt. Entry # 2 & # 6) are DENIED.

4. The Clerk of Court is directed to CLOSE the case.

5. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

6. The Clerk of Court is directed to send a copy of this Order to Defendants and the Warden of USP-Lewisburg.

                                                             s/ Thomas I. Vanaskie
                                                             Thomas I. Vanaskie
                                                             United States District Judge